1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Addy, an individual, | No. CV 09-02674-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| State Farm Insurance Companies, an Illinois Corporation; Dan and Virginia Sullivan, husband and wife, | |
| Defendants. | |

Pending before the Court are Dan and Virginia Sullivan's (the "Sullivan Defendants") Motion to Dismiss all claims asserted against them (Doc. # 12) and the Sullivan Defendants' Motion for Summary Adjudication of the Motion to Dismiss (Doc. # 15). Plaintiff Ronald Addy ("Plaintiff") filed a Response to the Sullivan Defendants' Motion to Dismiss (Doc. # 16) and a Response to the Sullivan Defendants' Motion for Summary Adjudication (Doc. # 17).[1] The Sullivan Defendants filed a Reply in Support of their Motion to Dismiss (Doc. # 18).

---

[1] The Sullivan Defendants filed their Motion for Summary Adjudication of the Motion to Dismiss on January 25, 2010 requesting that the Court rule on the Motion to Dismiss because Plaintiff failed to file a timely response. Plaintiff subsequently filed his Response to the Motion to Dismiss on January 25, 2010. Accordingly, the Court will now consider the Motion to Dismiss on the merits and the Motion for Summary Adjudication is denied as moot.

## I. BACKGROUND

On November 23, 2009, Plaintiff commenced this action against Defendant State Farm Insurance Companies ("State Farm") and the Sullivan Defendants. In the Complaint, Plaintiff alleged (1) violations of Title VII of the Civil Rights Act of 1964 and the Arizona Civil Rights Act and (2) Intentional Infliction of Emotional Distress. Pursuant to Federal Rules of Civil Procedure 12(b)(6), the Sullivan Defendants filed a Motion to Dismiss all claims asserted against them. They argue that all four counts of Plaintiff's Complaint (Doc. # 1) should be dismissed as asserted against them because (1) Counts One and Two cannot be asserted against the Sullivan Defendants because such claims cannot be made against individuals; (2) Count Four is a punitive damage claim that can only be asserted as an element of damages and cannot be treated as a separate cause of action; and (3) all four counts are alleged against Defendant State Farm, not the Sullivan Defendants, and thus do not satisfy the notice pleading requirement of Federal Rules of Civil Procedure 8(a)(2).

In response, Plaintiff concedes that the allegations in Counts One and Two should be dismissed because those Counts cannot be alleged against individuals, but contends that Counts Three and Four satisfy the notice pleading requirement as asserted against the Sullivan Defendants and, accordingly, the Court should not dismiss Counts Three and Four. Plaintiff argues, in the alternative, that if the Court finds that Counts Three and Four do not satisfy the notice pleading requirement, Plaintiff should be granted leave to amend his Complaint.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim is disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248–49 (9th Cir. 1997). This Court construes the facts alleged in the Complaint in the light most favorable to Plaintiff, and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Plaintiff must nonetheless satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a)(2).

Pursuant to Federal Rules of Civil Procedure 8(a)(2), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004) (stating that "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . . yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

### III. DISCUSSION

#### A. Dismissal of Counts One and Two

As an initial matter, the Court finds that Counts One and Two should be dismissed with prejudice as to the Sullivan Defendants. Counts One and Two consist of allegations for violations of Title VII of the Civil Rights Act of 1964 and the Arizona Civil Rights Act. The Sullivan Defendants assert that these Counts against them should be dismissed because such actions cannot be brought against individual defendants. Plaintiff concedes that Counts One and Two should be dismissed as to the Sullivan Defendants. Neither Title VII of the Civil Rights Act of 1964 or the Arizona Civil Rights Act permit liability to run to individual defendants. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (stating that "individual defendants cannot be held liable for damages under Title VII"); *De La Torre*

*v. Merck Enters., Inc.*, 540 F.Supp.2d 1066, 1079 (D. Ariz. 2008) (stating that individual Defendants cannot be held liable for damages under Title VII of the Civil Rights Act of 1964 or the Arizona Civil Rights Act). Accordingly, the Court will dismiss Counts One and Two of Plaintiff's Complaint with prejudice as to the Sullivan Defendants.

### B. Dismissal of Counts Three and Four

The Sullivan Defendants also argue that the Complaint should be dismissed as to them because the Complaint does not sufficiently identify the parties to which each cause of action is directed, and to the extent it does identify the parties, the allegations are directed only against Defendant State Farm. In response, Plaintiff argues that the numerous factual allegations in the Complaint that implicate the Sullivan Defendants provide fair notice to them as required by Federal Rule of Civil Procedure 8(a)(2) and that inadvertently omitting the Sullivan Defendants from the individual counts should not constitute failure to adequately state a claim against them.

While the Court agrees with Plaintiff that the factual allegations leading up to the counts in the Complaint implicate the Sullivan Defendants, the language in the individual counts appears to limit the allegations to Defendant State Farm. A complaint must identify "whom plaintiffs are suing for what wrongs." *McHenry*, 84 F.3d at 1180. The Court will not require the Sullivan Defendants to assume that certain counts are asserted against them merely because they are named as parties to the Complaint and the factual allegations implicate them, especially when the Counts include no mention of them and do specifically name Defendant State Farm. Accordingly, the Court will dismiss Counts Three and Four[2]

---

[2] The Sullivan Defendants also argue that Count Four of Plaintiff's Complaint should be dismissed because a claim for punitive damages should be asserted only as an element of damages and should not be treated as a separate cause of action. The Court agrees that punitive damages are a form a relief and not a separate cause of action. *Quiroga v. Allstate Ins. Co.*, 726 P.2d 224, 226 (Ariz. Ct. App. 1986) (stating that "[t]here is no such thing as a cause of action simply for punitive damages. Rather, the right to an award of punitive damages must be grounded upon a cause of action for actual damages."). While Federal

- 4 -

1  of Plaintiff's Complaint as to the Sullivan Defendants.

2  **C. Leave to Amend**

3  Plaintiff requests leave to amend his complaint to correct the deficiencies therein. The
4  Sullivan Defendants do not oppose the request for leave to amend. Leave to amend should
5  be freely given "when justice so requires." FED. R. CIV. P. 15(a). "In exercising its
6  discretion with regard to the amendment of the pleadings, 'a court must be guided by the
7  underlying purpose of Rule 15—to facilitate decision on the merits rather than on the
8  pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)
9  (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This "policy of favoring
10 amendments to pleadings should be applied with extreme liberality." *Id.* (quoting *Webb*, 655
11 F.2d at 979).

12 A Court must consider the following factors in determining whether a motion to amend
13 should be granted: (1) whether the pleading at issue has been previously amended, (2) futility
14 of the amendment, (3) bad faith, (4) undue delay, and (5) prejudice to the opposing party.
15 *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794,
16 798 (9th Cir. 1991). "Generally, this determination should be performed with all inferences
17 in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.
18 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).
19 "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,'
20 futility, or one of the other permissible reasons for denying a motion to amend." *Farina v.
21 Compuware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs*, 833
22 F.2d at 187).

---

Rules of Civil Procedure 8 does not require any specific organization for claims for relief, Plaintiff must clarify the underlying causes of action for which he is seeking punitive damages in order to provide fair notice to Plaintiffs. *See Silvas v. GMAC Mortgage, LLC*, No. CV-09-265-PHX-GMS, 2009 WL 4573234, *14 (D. Ariz. Jan. 5, 2010) (dismissing separate causes of action for damages, but stating that the "remedy may be available for other underlying legal theories").

- 5 -

In this case, the Complaint has not been previously amended and there has been no showing of bad faith or undue delay. Further, Defendants have not shown that granting leave to amend would be futile or would prejudice them. Accordingly, the Court will grant Plaintiff leave to amend his Complaint.

**IT IS ORDERED** that the Motion to Dismiss Dan and Virginia Sullivan (Doc. # 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts One and Two of Plaintiff's Complaint (Doc. # 1) are dismissed with prejudice as to Dan and Virginia Sullivan and the remaining Counts are dismissed as to Dan and Virginia Sullivan for failure to state a claim, with leave to file an amended complaint. Plaintiff shall file his Amended Complaint within twenty (20) days of the date of this Order. The Amended Complaint shall not contain a separate Count for punitive damages.

**IT IS FURTHER ORDERED** that the Motion for Summary Adjudication of Dan and Virginia Sullivan's Motion to Dismiss (Doc. # 15) is **DENIED** as moot.

DATED this 7th day of April, 2010.

James A. Teilborg
United States District Judge